IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ASHLEY J. TONEY,

        Petitioner,

 v.                  OPINION and ORDER

CHRISTOPHER M. STEVENS,        26-cv-9-jdp

        Respondent.

---

Ashley J. Toney, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction for two counts of second-degree sexual assault and one count of false imprisonment entered in Dane County Case No. 2019CF1101. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief.

Toney raises three grounds for habeas relief: (1) he was arrested without probable cause; (2) his right to represent himself at trial was violated; and (3) a due process violation that he does not explain.

There are a number of problems with Toney's petition. The main problem is that Toney didn't raise his grounds for relief to every level of the Wisconsin court system. After losing his appeal, *State v. Toney*, 2025 WI App 23, 19 N.W.3d 839, he did not seek a petition for review with the Wisconsin Supreme Court. Under the rules governing habeas corpus petitions, a state prisoner must fully exhaust his claims by presenting them at all levels of review in the state courts before the federal court may consider the claims on their merits. *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). Because the time for presenting those claims has passed, his failure to exhaust is a procedural default that prevents this court from considering the merits of the claims. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001).

There are two ways that a petitioner may overcome procedural default. The first is by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Whether cause exists generally turns on whether the factual or legal basis for the claim "was not reasonably available to [the petitioner]," or whether "some interference by officials" made it "impracticable" for the petitioner to comply with the state procedural rule. *See Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

The second is when "failure to consider the claims will result in a fundamental miscarriage of justice." *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016). This exception "applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted." *Wilson v. Cromwell*, 69 F.4th 410, 421 (7th Cir. 2023) (internal quotations omitted). To establish an actual innocence claim, Toney "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To qualify for this narrow exception, Toney must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Toney states that he has newly discovered evidence regarding his Fourth Amendment claim, which I don't take to be evidence that he is actually innocent of the crimes that he was

2

convicted of. But I will give him a short time to respond to this order by explaining the basis for an actual-innocence argument or to otherwise argue cause and prejudice sufficient to overcome his procedural default.

A secondary problem with Toney's petition is that his third ground for relief, an unexplained due process violation, doesn't comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." This means that the petitioner must provide enough facts to cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). Toney doesn't provide respondent enough detail about this ground to fashion a response. When Toney responds to this order, he must explain the basis for this third ground.

If Toney does not respond to this order by the deadline set below, I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner may have until February 19, 2026, to respond to this order as directed in the opinion above.

Entered January 29, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge