IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ASHLEY J. TONEY,

Petitioner,

v.

CHRISTOPHER M. STEVENS,

Respondent.

OPINION and ORDER

26-cv-9-jdp

---

Ashley J. Toney, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction for two counts of second-degree sexual assault and one count of false imprisonment entered in Dane County Case No. 2019CF1101.

Toney's petition raised three grounds for habeas relief: (1) Toney was arrested without probable cause; (2) his right to represent himself at trial was violated; and (3) a due process violation that he did not explain. After reviewing Toney's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I concluded that there were a number of problems with the petition. Dkt. 4. The main problem was that Toney didn't raise his grounds for relief to every level of the Wisconsin court system. Also, Toney's claim regarding an unexplained due process violation didn't comply with Rule 2(c) of the Rules Governing Section 2254 Cases, which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." I directed Toney to respond to my order with an argument for overcoming his procedural default and with a better pleaded due process claim. Dkt. 4.

Toney has responded to my order with a series of filings addressing these concerns, in particular contending that he has overcome his procedural default with a showing of actual innocence. Because I conclude that Toney fails to make a showing of actual innocence, he has procedurally defaulted his habeas claims and I will deny him habeas relief.

ANALYSIS

**A. Procedural default**

Under the rules governing habeas corpus petitions, a state prisoner must fully exhaust his claims by presenting them at all levels of review in the state courts before the federal court may consider the claims on their merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). Toney didn't do that. After losing his appeal, *State v. Toney*, 2025 WI App 23, 19 N.W.3d 839, he did not seek a petition for review with the Wisconsin Supreme Court. Because the time for presenting his claims has passed, his failure to exhaust is a procedural default that ordinarily prevents this court from considering the merits of the claims. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001).

In response to my show-cause order, Toney contends that he is entitled to an exception to his procedural default because he is actually innocent of the offenses of which he was convicted. To establish an actual innocence claim, Toney "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To qualify for this narrow exception, Toney must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

Toney says that he does have such evidence. He has produced a video interview of the victim, who I will pseudonymously refer to as Lisa, that was not presented at trial. *See* Dkt. 14-3 (placeholder docket entry for video). Lisa is an adult with a mental disability. Several months after the assaults, Lisa's mother reported that Toney had sexually assaulted Lisa. Police then held an interview at a child advocacy center, conducted by a staff member there.

I have reviewed the footage, which is broken into three files totaling a little over an hour. In the interview, Lisa recounted being sexually assaulted and then stalked by someone named Ashley. The video includes long periods of time in which Lisa is silent in response to questions.

Toney states that reasonable jurors viewing the video wouldn't have convicted him because "[no one] would agree that a woman who has been sexually assaulted and falsely imprisoned would be displaying this type of behavior when being questioned about the experience." Dkt. 8, at 5. He cites two time ranges of the video (47:24 to 48:09 and 53:37 onward) to support his assertion that Lisa's behavior was inconsistent with how a sexual assault victim would behave when being interviewed, although he doesn't describe in any detail what about Lisa's behavior supports this assertion.[1] He also states that Lisa did not specifically refer to him by his name or give a description of the person who assaulted her.

In the first section noted by Toney, the interviewer asks Lisa who "Ashley" is. Lisa smiles or smirks while looking at one of the other persons in the room and doesn't answer the question, staying mostly silent for the next 40 seconds until the interviewer asks Lisa whether she wants to skip that question and Lisa agrees to skip it. During the second range, the

[1] I will assume that the time ranges that Toney refers to in his filings correspond to the total run time of the three videos.

interviewer asks Lisa to explain more about the events surrounding one of the sexual assaults, including asking who "he" is. Lisa briefly puts a pillow over her face and doesn't answer any more of the interviewer's questions about the incident, either verbally or in writing. The interview concludes several minutes later.

Toney does not clearly explain his case for the actual-innocence exception to procedural default. He presents only pieces of the trial transcript; from those pieces I infer that he was convicted based largely on Lisa's trial testimony. Toney doesn't provide that testimony either, but I don't take him to be saying that anything in the video footage directly contradicts Lisa's trial testimony. Rather he states that Lisa's behavior was inconsistent with how a sexual assault victim would behave when being interviewed. But I don't agree with Toney that there is anything in the video that would have affected the jury's verdict. Lisa's smirk and long pauses or refusal to answer certain questions are entirely consistent with a person struggling to recount traumatic events. As for his assertion that Lisa didn't identify him in the video, it is clear in context that Lisa was saying that a person named Ashley sexually assaulted her. The fact that she didn't give Toney's full name wouldn't have any effect on how a reasonable juror would have weighed the evidence at trial.

Moreover, although the footage itself was not introduced at trial, the jury did hear testimony recounting the gist of Lisa's interview, with an investigator testifying that Lisa:

> for lack of a better way of saying it, locked up. She couldn't communicate that day. She was very scared about just the environment, the—I think part of it was she was freaked out knowing that there was other people watching her and what she might be saying, that she just couldn't communicate.

Dkt. 10-4, at 4. But that didn't stop the jury from convicting Toney. Adding the footage itself to the investigator's recounting of it wouldn't change the outcome.

To sum up, there isn't an inference to be drawn from the footage that could meet the demanding standard for actual innocence: that no reasonable juror would have convicted Toney had the video been produced at trial. Nothing in the footage is the type of striking new evidence contemplated in *Schlup* that would be necessary to show that Toney was actually innocent of the offense. So I conclude that he cannot overcome his procedural default, and I will deny him habeas relief.

**B. Certificate of appealability**

The remaining question is whether to grant Toney a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Toney a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DENIED.

2. Petitioner is DENIED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close the case.

Entered August 28, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge